## Jas. C. Richards *v.* E. T. Craig *et al.*

Attachment. *Replevin bond. Sureties on liable for what. Chancery practice. Clerk and master.* Where personal property has been attached by bill in chancery, the defendant may replevy the same by giving the proper bond in such cases, and if the court decrees the return and sale of the property pending the suit, after use by defendant under the bond because of its perishability, the sureties on the bond are not liable for any difference between what was actually realized by the sale and the valuation of the property fixed in the bond.

Case cited: Muhling *v.* Ganeman, 4 Baxter, 88.

Code cited: Secs. 3509, 3514 and 3535.

### FROM DAVIDSON.

Appeal from the Chancery Court. E. H. East, Chancellor.

F. E. Williams for complainant.

Ed. Baxter for defendants.

McFarland, J., delivered the opinion of the court.

In accordance with the prayer of the bill certain personal property of the defendants was attached. Soon after, to-wit, on the 2d of March, 1870, the defendants desiring to replevy the property, it was released and restored to them upon the execution by them and their securities of a bond demanded by the master. The bond was in double the estimated value of the property, as clearly appears, each horse and buggy, etc., being valued separately. The condition of the

bond was as follows: "Now, therefore, if the said E. T. Craig & Son shall well and truly pay said debt and interest and all costs or the value of said property so attached, with all interest thereon, if the court shall so decree, then, etc." Subsequently, on the 3d of September, 1870, upon application of the defendants or their sureties, an order was made in the cause directing the condition of the bond to be amended by inserting the following words preceding the other conditions, to-wit: "shall deliver said property when so ordered, or" etc., and the amendment was made. On the 13th of March, 1871, an order in the cause was made as follows: "In this cause it appears to the court that the property attached is of a perishable nature, and so expensive as to render a sale necessary for the interest of the parties, it is ordered that the clerk and master sell the same." The terms of the sale are then specified. "The defendants are ordered to have the property at the place of sale on that day and to deliver the same to the clerk and master." Questions of law are reserved. The sale was made and confirmed, and the proceeds decreed to the complainant. The final decree for the complainant was for a larger sum than the amount the property sold for. The chancellor gave a decree upon the replevin bond against the sureties for the difference between the value of the property as estimated in the bond and the amount for which it sold. Upon petition to re-hear this was modified so as to hold the sureties liable for the value of the property, less the amount it sold for, but holding that the val-

uation fixed in the bond was not conclusive, and referring the question as to the value of the property for proof. The sureties have appealed.

We have several times construed sec. 3509 of the Code so far as to hold that it gives the defendant, whose property is attached, the right to replevy it, and in doing so the option to execute either one or two different bonds. That is, the option to give a bond in double the amount of the plaintiff's demand, conditioned to pay the debt, interest and costs if the plaintiffs succeed, or a bond in double the value of the property attached, conditioned to pay the value of the property attached with interest, etc. We deem it proper to say that we think it would be the better practice for the clerks to take the bond either in the one form or the other as the defendant may elect, and not insert both conditions in the same ·bond. When it' is done, however, we give the defendants the benefit of the construction most favorable to them. This bond was in double the value of the property, and the condition should have been to pay its value and interest, etc. ' It will be observed that this section of the Code, 3509, does not provide that there shall be a condition in the bond that it may be satisfied by a return of the property, but secs. 3514 and 3535 direct the judgments that should be entered upon the bonds in case the plaintiff recover; that is, that the judgment should be for the penalty of the bond, which may be satisfied by the payment of the plaintiff's recovery, interest and costs, or by the delivery or forthcoming of the property or the payment of its

value, with interest as the case may be, that is, according as the bond may be in the one form or the other. The language of the first of these sections is, "the court may enter up judgment," etc., the other is, "the court is authorized to render judgment," etc., but we take it that they were intended to furnish the true rule in such cases, and although the section prescribing the terms of the bond does not prescribe a condition that the bond may be satisfied by a return of the property, yet the two latter sections direct that the judgment for the penalty of the bond, in case the bond be in double the value of the property, may be satisfied by a return or forthcoming of the property, or paying its value with interest from the date of the bond. The proper judgment in such cases is simply to pursue the plain and unambigous directions of these sections.

We have held at the present term, that the "value of the property attached" which may be paid in discharge of the judgment for the penalty is not the estimated value fixed in the bond, but its actual value to be fixed by proof. But the question here is, whether there should have been any judgment or decree upon the bond after the property itself had been, by the order of the court, delivered up by the defendants and sold, and the proceeds applied to the benefit of the complainants, and we hold there should not. The record does not show that this was done at the instance of the sureties and for their benefit. It was simply a decree in the cause which the complainant was prosecuting. As we have seen by the express

words of the statute, a judgment on the bond might be satisfied by a return of the property, and if, by order of the court, the property is returned and sold for the complainant's benefit before any decree upon the bond, we think it clear the bond is satisfied.

To the argument, that the defendants may use the property and return it depreciated in value at the end of the litigation, we reply first, that such is the right given him by the statue, and second, that this is no greater hardship than befalls all creditors where the property of their debtors depreciate in value pending the litigation. We predicate nothing upon the amendments of the bond, but for the purpose of this decree we treat it as of no effect. There is, we think, nothing in the authorities referred to in conflict with this view.

Decree will be reversed and decree rendered in favor of the sureties on the bond with costs of the court.

Petition to re-hear:

The petition to re-hear this case has been attentively considered. The argument of the counsel, we think, is fallacious. The bond in question was in double the value of the property attached. As shown in the opinion heretofore rendered, the judgment authorized by this statute on this bond is subject to be satsfied by the return of the property by the express provision of secs. 3514 and 3535 of the Code. This being so it is impossible to maintain that the complainant has been injured in a legal sense by being

compelled to accept in satisfaction of the bond the amount for which the property sold pending the suit as a sale made under the order of the court. For had this not been done, the defendants might have kept the property until the end of the litigation and then satisfied the judgment on the bond by retnrning it. It is fair to suppose that it would have been more depreciated in value at that time than when it was actually sold in this case. The complainant was no more injured than are all plaintiffs where the property of their debtors depreciate in value pending the litigation. Nor do we think there is any conflict between the present decision and the case of *Muhling* v. *Ganeman,* 4 Baxter, 88, at the present term. In that case the property replevied had been disposed of by the defendant, and it could not be returned, and the judgment on the bond had to be satisfied by the payment of the value of the property with interest. The principal question was how was the value to be ascertained, by taking the amount at which it was estimated in taking the bond or the actual value to be fixed by proof. We held the latter, but there being no offer or possibility of returning the property, the attention of the court was not called to the question whether the judgment might have been satisfied by its return, and this of course was not decided. The language of the opinion in that case was inaccurate in omitting to state, that the payment might have been satisfied by returning the property, as well as by paying its value with interest, but it was thus inaccurate because the former question was not involved.

Richards *v.* Craig.

There is no conflict between the points decided in the two cases. In deciding in that case that the defendant should pay the real value of the property replevied instead of its estimated value, we said in this respect it was analogous to an action of replevin at law, but we do not say the analogy goes any farther.

In an action of replevin at law the judgment in favor of the defendant for the value of the property and interest may be satisfied by a return, but the judgment for damages for the detention of the property cannot be thus satisfied. 7 Col., 117. This is upon purely statutory grounds.

We think the decision heretofore announced is correct, and dismiss the petition to rehear. We know of no principle upon which we could require the defendants to account for the loss upon the property by reason of its use or wear during the time they held it under the replevin bond.